## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL D. BRIGGS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:16-cv-01144-SGC |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER, | ) |
| Defendant. | ) |

### **MEMORANDUM OPINION**[1]

The plaintiff, Michael Briggs, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (Doc. 1). Mr. Briggs timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons that follow, the Commissioner's decision is due to be affirmed.

### I. FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

Mr. Briggs was fifty-five years old at the time of the Administrative Law Judge's ("ALJ's") decision. (R. 27). He has a high school education and speaks English. (*Id.*). His past relevant work experience includes employment as a warehouse worker and a hospital cleaner. (R. 26). These jobs are classified at the medium exertional level. (*Id.*). Mr. Briggs actually performed the position of warehouse worker at a medium level but performed the duties of a hospital cleaner at a heavy level. (*Id.*).

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 7).

Mr. Briggs claims he became disabled on October 16, 2012, due to diabetes and back pain. (R. 132, 165). Mr. Briggs applied for SSI benefits on October 29, 2012. (R. 132).[2] After holding a hearing, the ALJ denied Plaintiff's application for SSI on April 4, 2014. (R. 28). Mr. Briggs requested review by the Appeals Council, arguing the ALJ's decision was made in error. (R. 217-220). In his appeal, Plaintiff asked the Appeals Council to consider his entitlement to DIB, as well. (R. 218). The Appeals Council reviewed Plaintiff's claims as to both DIB and SSI, adopted the ALJ's findings and conclusions, and found Plaintiff was not disabled. (R. 4-6). Plaintiff's appeal to this court seeks reversal of the Commissioner's decision and an award of both SSI and DIB. (Doc. 11 at 4-5, 10-11).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing SGA. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in SGA, he or she is not disabled and the evaluation stops. *Id*. If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within

---

[2] Plaintiff made no mention of DIB in his application for benefits. (R. 132).

this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Mr. Briggs had not engaged in SGA during the relevant time period. (R. 23). At step two, the ALJ found Plaintiff suffered from the severe impairment of lumbar degenerative disc disease with facet arthropathy. (*Id.*). The ALJ found Plaintiff also suffered from the nonsevere impairments of diabetes and hypertension. (R. 23-24). The ALJ noted Mr. Briggs was diagnosed with arthritis by an ophthalmologist in October 2012, but concluded this impairment was not medically determinable because the diagnosis was not supported by objective tests or symptoms and appeared to be "based solely on the claimant's subjective complaints." (R. 24).

At step three, the ALJ found Mr. Briggs did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 24). The ALJ specifically found Plaintiff's condition did not meet Listing 1.04 for a disorder of the spine because he did not have evidence of (1) nerve root

3

compression in a neuro-anatomic distribution with motor, sensory, or reflex loss; (2) spinal arachnoiditis confirmed by an operative note or pathology report; or (3) lumbar spinal stenosis resulting in pseudoclaudication with an inability to ambulate effectively, as defined in Listing 1.00(B)(2)(b). (R. 24). Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), except he was able to "frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs and may occasionally climb ladders, ropes, or scaffolds." (R. 24-26).

At step four, the ALJ determined Plaintiff was able to perform past relevant work. (R. 26-28). Because Mr. Briggs's RFC did not allow for the full range of sedentary work, the ALJ relied on the testimony of a vocational expert ("VE") as evidence for finding a significant number of jobs in the national economy Plaintiff can perform. (*Id.*). The ALJ concluded by finding Plaintiff was not disabled. (R. 28).

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). Substantial evidence is more than a scintilla, but less than a preponderance. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d at 1529).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. DISCUSSION

Mr. Briggs asserts the ALJ's decisionis not based on substantial evidence and should be reversed and remanded. (Doc. 11). Specifically, Plaintiff argues the ALJ erroneously concluded he is capable of medium level work because she failed to obtain a medical source opinion or

properly consider the evidence of Mr. Briggs's impairments. (*Id.* at 6-9). According to Plaintiff, the ALJ's duty to develop the record includes obtaining a consultative examination. (*Id.* at 7) (citing *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984)). Plaintiff relies on *Reeves* for the proposition that the ALJ should have obtained independent evidence before concluding he was capable of performing medium exertional work.

As an initial matter, the court notes *Reeves* merely states that when a claimant presents "substantial credible evidence" of limitations, the ALJ should obtain independent evidence before rejecting the claimant's position. *Reeves,* 734 at 525-26. Here, the ALJ concluded Mr. Briggs's lumbar disc degeneration was severe and he suffered several limitations which impacted his RFC. However, it is the responsibility of the ALJ, not any doctor, to determine a claimant's RFC. *See* SSR 96-5p, 1996 WL 374183, *1-2 (Jul. 2, 1996) (medical source opinions should not be ignored, but issues such as the nature and severity of an individual's impairments and whether his RFC prevents past relevant work are dispositive administrative findings reserved to the Commissioner). Thus, the absence of a consultative medical examination does not render an ALJ's decision invalid. *Doughty,* 245 F.3d at 1281 (no consultative examination is required when the record contains sufficient information for the ALJ to render a decision); *Robinson v. Astrue*, 365 Fed. App'x 993, 999 (11th Cir. 2010) (citing SSR 96-5p in affirming ALJ's denial of benefits where, though ALJ declined to obtain consultative examination, ALJ had substantial evidence in the record to determine claimant's impairments, RFC, and ability to work).

The ALJ considered the following testimony from Mr. Briggs. Plaintiff testified he could not work because of the "pain and positions that his back leaves him in." (R. 25). Mr. Briggs has trouble putting his shoes on and bending down because his back "locks up," and sometimes he cannot sit back or lift. (*Id.*). Plaintiff uses a cane that is not prescribed, and it helps with his

6

back pain. (*Id.*). Mr. Briggs takes hydrocodone for pain, which "takes the edge off," but never stops the pain, and he is unable to perform most daily activities. (*Id.*).

The ALJ found Mr. Briggs's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (R. 25). For example, Plaintiff's function report indicates he is able to walk up and down the street for exercise, has no problems with personal care, prepares simple meals, and does the laundry. (R. 25, 173-180). Further, the first time Mr. Briggs complained of back pain was during an examination in June 2013; an examination in November 2012 revealed no muscular or joint deformities and no tenderness in his back. (R. 25, 231). The ALJ considered the results of Mr. Briggs's 2013 hospital visits, including a finding of disc space obliteration and degenerative disc disease. (*Id.*); *see also* (R. 249-252) (notes from June and July 2013 examinations at Cooper Green Mercy Hospital). Plaintiff indicated his pain was under control with a Lortab prescription during his June 2013 visit. (R. 25, 250).

The court finds the evidence reviewed by the ALJ included "more than a scintilla" of evidence in support of her decision. *Bloodsworth,* 703 F.2d at 1239. There was sufficient evidence to conclude Mr. Briggs had adequate pain management, a relatively recent onset of reported back pain, a wide range of physical activities, and no abnormalities in his test results or physical examinations which would suggest major limitations beyond those determined by the ALJ. Because there was sufficient evidence upon which to base a determination of Mr. Briggs's RFC and ability to perform past relevant work, the ALJ was not required to obtain a consultative examination. Although Mr. Briggs's testimony about his own limitations and back pain contradicted some of the record evidence, the ALJ clearly reviewed all the evidence and cited

valid reasons for concluding Plaintiff's testimony was not entirely credible. Accordingly, the court concludes the ALJ's decision is supported by substantial evidence.

## IV. CONCLUSION

Upon review of the administrative record, and considering all of Mr. Briggs's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law. Accordingly, the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 28th day of September, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE